Opinion issued October
20, 2011.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00468-CR

____________

 








CARLIN STAPLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 63257

 

 



MEMORANDUM
OPINION








          Appellant,
Carlin Staples, pleaded guilty to the offense of burglary of a habitation.  The trial court found appellant guilty, and,
in accordance with the terms of appellant’s plea agreement with the State,
sentenced appellant to seven years’ confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The record supports the trial court’s
certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Additionally, the record states appellant
waived his right of appeal as a condition of the plea agreement with the state.  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

 

Do not publish. 
Tex. R. App. P.
47.2(b).